UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QIANA WHITE,

    Plaintiff,                                      Civil Action No. 17-CV-11226

vs.                                              HON. BERNARD A. FRIEDMAN

ERIC YPMA, et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendants' motion for summary judgment [docket entry 11]. Plaintiff has not responded to this motion and the time for her to do so has expired. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff alleges that she was injured when defendant rear-ended her in Genesee County in June 2014. Plaintiff seeks compensatory damages which, under the Michigan No-Fault statute, Mich. Comp. Laws § 500.3135(1), are awardable only if she "has suffered death, serious impairment of body function, or permanent serious disfigurement." Discovery having closed, defendants seek summary judgment on the grounds that plaintiff cannot make this showing.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See id.* at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

In the present case, plaintiff's claim is based on an alleged "serious impairment of body function," not death or disfigurement Compl. ¶ 5. This Court recently summarized the legal standards applicable to such a claim as follows:

> A "serious impairment of body function" means "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." § 500.3135(5); *McCormick v. Carrier*, 487 Mich. 180, 795 N.W.2d 517, 524 (2010). The Michigan Supreme Court has explained that, as a threshold matter:
>
> > [t]he court should determine whether there is a factual dispute regarding the nature and extent of the person's injuries, and, if so, whether the dispute is material to determining whether the serious impairment of body function threshold is met. If there is no factual dispute, or no material factual dispute, then whether the threshold is met is a question of law for the court.
>
> *Id*. at 537 (citation omitted). To demonstrate a "serious impairment of body function", a plaintiff must show: "(1) an objectively

> manifested impairment (2) of an impairment body function that (3)
> affects the person's general ability to lead his or her normal life."
> *Id*.
>
> * * *
>
> Under the first prong of *McCormick*, Garcia must show that the injuries resulting from the accident were "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *Id*. at 527. In other words, Garcia must, at a minimum, demonstrate a causal relationship between his injury and the accident. *See Mehdi v. Gardner*, No. 319630, 2015 WL 1227710, at *2 (Mich.Ct.App. March 17, 2015). In *McCormick*, for example, "the plaintiff established an objectively manifested impairment where he suffered a broken ankle as a result of a vehicle accident, had difficulty walking ... and had continuing pain and a limited range of ankle motion even 14 months after the injury." *Id*. By contrast, in *Mehdi*, "[a]lthough MRIs and a nerve conduction study performed after the accident revealed medical abnormalities in plaintiff's nerves and a bulging spinal disc, which account[ed] for plaintiff's complaints of continuing pain, plaintiff presented no evidence linking his conditions to the vehicle accident." *Id*.

*Lopez-Garcia v. United States*, 207 F. Supp. 3d 753, 758–59 (E.D. Mich. 2016).

Defendants argue that plaintiff's claim fails because she cannot establish a causal connection bet the accident and her alleged injury. Defendants point to MRIs taken one month after the accident showi noticeable injuries in plaintiff's lumbar, thoracic, or cervical spine. While plaintiff complained of back pai underwent physical therapy and chiropractic care, she has no evidence of causation. Because plaintiff has fai respond to defendants' motion, plaintiff's lack of evidence of causation is "undisputed for purposes of the mo Fed. R. Civ. P. 56(e)(2). Under these circumstances, "there is nothing for the finder of fact to cons *Lopez-Garcia*, 207 F. Supp. 3d at 759. Accordingly,

3

IT IS ORDERED that defendants' motion for summary judgment is granted.

Dated: March 26, 2018            s/Bernard A. Friedman
Detroit, Michigan                BERNARD A. FRIEDMAN
                                 SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2018.

                                 s/Johnetta M. Curry-Williams
                                 Case Manager